1  Gary Jay Kaufman, Esq.   State Bar No. 92759
      gary@kaufmanlawgroupla.com
2  Colin Hardacre, Esq.       State Bar No. 250915
      colin@kaufmanlawgroupla.com
3  THE KAUFMAN LAW GROUP
   1901 Avenue of the Stars, Suite 1010
4  Los Angeles, California 90067
   Telephone:  (310) 286-2202
5  Facsimile:  (310) 712-0023
6
7  R. Christopher Cataldo, Esq. (*pro hac vice pending)*
      ccataldo@jaffelaw.com
8  Emilija Avsharian, Esq. (*pro hac vice pending)*
      eavsharian@jaffelaw.com
9  JAFFE RAITT HEUER & WEISS, P.C.
   27777 Franklin Ave., Suite 2500
10 Southfield, MI 48034
   Telephone: (248) 351-3000
11 Facsimile:  (248) 351-3082
12
   Peter M. Falkenstein, Esq. (*pro hac vice pending)*
13    pfalkenstein@jaffelaw.com
   JAFFE RAITT HEUER & WEISS, P.C.
14 201 S. Main St., Suite 300
   Ann Arbor, MI 48104
15 Telephone: (734) 222-4776
   Facsimile:  (734) 222-4769
16
17 Attorneys for Counter-Plaintiff,
   Palladium Books, Inc.
18

19                          UNITED STATES DISTRICT COURT

20                       NORTHERN DISTRICT OF CALIFORNIA

21                            SAN FRANCISCO DIVISION

| | |
|---|---|
| 22  PALLADIUM BOOKS, INC., a Michigan corporation | Case No. **3:10-cv-02466-CRB** |
| 23                          Counter-Plaintiff, | **COUNTERCLAIM FOR:** |
| 24       v. | **1. TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** |
| 25 | |
| 26  TRION WORLDS, INC., a Delaware corporation, | **2. FALSE DESIGNATION OF ORIGIN(15 U.S.C. § 1125)** |
| 27 | |
| 28                          Counter-Defendant. | **3. CALIFORNIA STATUTORY** |

Case No. 3:10-cv-02466-CRB **-** Counterclaim; Demand for Jury Trial

UNFAIR COMPETITION
(Cal. Bus. & Prof. Code § 17200 *et seq.*)

4.  **INFRINGEMENT OF COMMON LAW TRADEMARKS**

5.  **CALIFORNIA COMMON LAW UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Palladium Books, Inc., by and through its undersigned counsel, for its Counterclaim against Trion Worlds, Inc., states as follows:

## I.   JURISDICTION AND VENUE

1.      This is an action for (a) trademark infringement arising under 15 U.S.C. § 1114(a); (b) false designation of origin arising under 15 U.S.C. § 1125(a); (c) unfair competition arising under California Business & Professions Code § 17200 *et seq.*; (d) common law trademark infringement; and (e) unfair competition arising under the common law of the State of California.

2.      The claims asserted in this Counterclaim arise under the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and the statutory and common laws of the State of California.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, 28 U.S.C. § 1367, and 15 U.S.C. § 1121.

3.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## II.   THE PARTIES

4.      Counter-Plaintiff PALLADIUM BOOKS, INC. ("Palladium") is a Michigan corporation having its principal place of business at 39074 Webb Court, Westland, MI 48185.

5.      Palladium is informed and believes that Counter-Defendant Trion Worlds, Inc. ("Trion") is a corporation organized under the laws of the State of Delaware, having its principal place of business located at 303 Twin Dolphin Drive, Redwood City, California 94065.  Palladium is informed and believes that Trion was formerly known as Trion World Network, Inc., and changed its name in or about April 2010.

///

1    6.    This Court has both general and specific personal jurisdiction over Trion, which

2  has its principal place of business within this Judicial District.  Additionally, most of Trion's

3  tortious acts giving rise to this action occurred within this District.

4                    **III.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5    7.    Palladium is the owner of numerous federally registered trademarks for "RIFTS,"

6  which is a very well-known series of over 80 fantasy/science fiction role-playing games and

7  supplements, which has been published over the past twenty (20) years.  These registrations

8  include the RIFTS® mark for computer games.  Palladium's RIFTS® series of games also

9  includes numerous volumes using the format "Rifts: _____," with a secondary name, such

10  as "Promise of Power" or "Chaos Earth," etc., identifying the particular game.

11    8.    Trion, in late April 2010, announced its intention of marketing an online computer

12  game entitled "Rift: Planes of Telara," and has promoted it as a role-playing fantasy game of the

13  same type that is regularly produced by Palladium under the RIFTS® trademark, and which is the

14  genre of the Rifts: Promise of Power® computer game.  Moreover, Trion is marketing its game on

15  a website accessed via the URL www.riftgame.com.  Trion's use of a minor variant of Palladium's

16  long-standing and famous RIFTS® trademark is a knowing, intentional, and malicious attempt to

17  trade on the good will established in the RIFTS® marks over two decades and, if not enjoined,

18  will result in confusion in the marketplace and dilution of the RIFTS® mark.

19    9.    Just days after Trion announced its intention to use a trademark confusingly similar

20  to Palladium's, Palladium filed suit against Trion in the Eastern District of Michigan, *Palladium*

21  *Books, Inc. v. Trion Worlds, Inc. et al.,* Case No. 10-11859, asserting claims for trademark

22  infringement, false designation, trademark dilution, and a variety of related state law claims.

23  Palladium subsequently filed for a preliminary injunction after learning that Trion was advertising

24  its infringing game in a publication that was being marketed within a few miles of Palladium's

25  headquarters, as well as on its moderately interactive website. Trion had also advertised itself on

26  its website as the "premier publisher and developer" of connected video games, giving rise to the

27  logical conclusion that it was doing business in Michigan, given the national and international

28  scope of the "massively multiplayer online games" of which Trion was claiming to be the premier

Case No. 3:10-cv-02466-CRB **-** Counterclaim; Demand for Jury Trial

2

1   publisher.  As Trion later admitted, however, it has as yet not published any games whatsoever,

2   with all of its anticipated products still in pre-launch development phase.

3          10.     Trion filed a motion to dismiss for lack of personal jurisdiction.  In the interim,

4   while the Michigan case was still pending, Trion filed this action, seeking a declaration of non-

5   infringement, along with several other "defensive" claims challenging the validity of Palladium's

6   trademarks.

7          11.     The Michigan court held a hearing on Trion's motion to dismiss on June 9, 2010

8   and, on June 11, 2010, entered an order dismissing the case for lack of personal jurisdiction.  The

9   Court did not hold a hearing or rule on the merits of Palladium's motion for a preliminary

10  injunction, given its ruling on the motion to dismiss.

11         12.     Palladium now asserts its Counterclaim for the affirmative claims stated above,

12  including the federal claims asserted in the prior Michigan action, along with California state law

13  claims.

14  **A.      Palladium and the Rifts® Family of Products.**

15         13.     Palladium, a Michigan corporation headquartered in Westland, Michigan, creates,

16  develops, publishes, markets and sells fantasy and science-fiction role-playing games (RPGs)

17  involving multidimensional travel.  Palladium has created a fantasy and science-fiction universe,

18  or Megaverse®, populated by aliens, alien invaders, embattled humans, supernatural beings, time

19  travelers, robots, powerful characters, and mythic figures, all of whom come through portals or

20  dimensional tears, and are engaged in invading the earth and in other wars or conflicts, using a

21  wide range of weapons, magic, armor, vehicles, demons, elemental creatures, aliens, and

22  supernatural beings.

23         14.     Palladium's most popular and renowned RPGs are the RIFTS® series, and are

24  well-known throughout the fantasy and science fiction game industry and beyond.  Rifts® is a

25  series of games set 300 years in the future, after a major nuclear catastrophe has destroyed most of

26  the world's population. Tears or rips in the fabric of the universe act as extra-dimensional

27  gateways, leading to scenarios involving aliens, cybertechnology, elemental creatures,

28  supernatural beings, and intricate military maneuvers for power.  In the Rifts® scenarios, aliens

1   and monsters have come through the tears or rips to invade the earth and fight against humans for

2   control of the planet.  Palladium published the first Rifts® game book in 1990 and since then has

3   published more than 80 Rifts® titles.

4       15.   In order to convey the continuity of the Rifts® series, many of the Rifts® games

5   are titled "Rifts _____" – with a secondary phrase, such as "Promise of Power"; "Dark

6   Conversions"; "Chaos Earth"; "Megaverse in Flames"; or "Shemarrian Nation," among many

7   others, used to denote the particular story in the Rifts® series.  *See* **EXHIBIT 1**, printout from

8   www.palladiumbooks.com website, showing some of the "Rifts®" products currently being

9   marketed by Palladium.

10      16.   Palladium's Rifts® games have been produced in a variety of media and formats.

11  For example, in 2001, Palladium created and licensed a Rifts® Collectible Card Game ("Rifts®

12  CCG").  *See* **EXHIBIT 2**, excerpts from players' manual accompanying the Rifts® CCG.

13      17.   Palladium's Rifts® game has also been produced and marketed in various

14  electronic and computer game formats.  For example, in 1995, Palladium came out with the

15  RIFTS® Game Master Companion™, a computerized add-on to the original Rifts® role-playing

16  game. *See* **EXHIBIT 3**, photocopies of the RIFTS® Game Master Companion ™ floppy disks.

17      18.   Palladium also developed and licensed a Rifts® computer video game, which

18  debuted in 2005, and which was produced by Nokia, a global leader in video game technology.

19  That game was entitled "Rifts: Promise of Power."  *See* **EXHIBIT 4**, photocopies of front, back,

20  and inside covers of the Rifts: Promise of Power® computer game.

21      19.   Palladium's Rifts® role-playing games have been continuously marketed

22  throughout the United States and internationally, in one or more of the various media and formats

23  in which they have been produced, since 1990.

24      20.   Palladium has also optioned Rifts® to Walt Disney Studios for production of a

25  major motion picture to be produced by world-famous action film producer Jerry Bruckheimer.  A

26  screen play has been developed, Disney renewed its option in April 2010, and Palladium

27  anticipates that the film will be "greenlighted."  Both of these developments have been widely

28  publicized by Palladium.

21.     For the past four years, Palladium has also been involved in negotiations with various companies to produce a massively multiplayer online role-playing game ("MMORPG"). MMORPGs are games played by many thousands, or even millions of players, in the case of the more successful games, who subscribe to the game and play online through the hosting company's servers against other players in far-flung locations.

22.     Given the popularity of the Rifts® products and these recent developments, it is not surprising that competitors in the industry would attempt to free-ride on the good will established in the Rifts® name.

23.     In order to protect its valuable intellectual property, Palladium has obtained a number of registered trademarks for the RIFTS® mark.  Among these are included, without limitation, the following U.S. registrations:

> Reg. No. 2,889,353, for "Books, manuals and comic books containing role playing games involving science fiction or fantasy adventures, …";

> Reg. No. 3,036,181, for  "Production of motion pictures, television programs, videotapes and DVDs involving science fiction and fantasy adventures"; and, most importantly for this action

> Reg. No. 2,045,806, for "Computer game software and computer game programs containing role playing games involving science fiction or fantasy adventures, or involving character generation or scenario generation."

Copies of the Certificates of Registration for these trademarks, printed from the USPTO database, are attached, respectively, as **EXHIBITS 5, 6, and 7** to this Counterclaim.

24.     Palladium is also the owner of common law trademark rights in the "Rifts" mark for games, namely, role-playing games in the fantasy and science-fiction genres, which have been continuously produced and sold in various media, including, but not necessarily limited to printed publications, collectible card games, and electronic and computer games, throughout the United States and on a worldwide basis, dating back to 1990.

25.     Palladium is the owner of a pending U.S. trademark application, Serial No. 85/043338 for "role playing games," to further memorialize its rights in the Rifts mark established

///

///

1 | over the past 20 years, and already covered by its various existing registrations.  *See* **EXHIBIT 8**,

2 | printout from USPTO database re: Palladium's pending registration.

3 |      26.     The trademark for RIFTS® in the field of computer games and software was

4 | registered on March 18, 1997, renewed in 2007, and has achieved incontestable status.

5 |      27.     Additionally, Palladium obtained a federal registration for its "Rifts: Promise of

6 | Power" computer game.  Attached as **EXHIBIT 9** is a copy of the specimen submitted to the

7 | USPTO in conjunction with that application, showing a picture of the package cover to the game.

8 | Palladium has been in negotiation over the past two years with several companies for development

9 | of another computer game, an online MMORPG, which it expects to develop and launch in the

10 | near future.

11 |      28.     Palladium also owns a federally registered trademark for RIFTER®, for

12 | publications relating to role-playing and games and fantasy adventures.  *See* **EXHIBIT 10**, copy

13 | of trademark registration certificate number 2,328,782 for RIFTER®.

14 | **B.**     **Trion's Wrongful Conduct.**

15 |      **1.**     **The Infringing Game**

16 |      29.     Trion is, upon information and belief, the recently adopted new name for Trion

17 | World Network, Inc.  *See* **EXHIBIT 11**, Printout from Trion's website at www.riftgame.com, p. 1

18 | ("Trion Worlds, formerly known as Trion World Network, is poised to revolutionize the

19 | connected games space …).

20 |      30.     Trion claims to be "the premier publisher and developer of connected video games

21 | …."  Id.

22 |      31.     Trion claims to produce a variety of games in the genre known as "massively

23 | multiplayer online games," also known as "MMOs."  These are games that are played on

24 | computers by thousands or even millions of players at once, via the internet.  They rely on

25 | computer software for the operation of the game, just as would a game played on a single

26 | computer by one or two players.

27 |      32.     On or about April 26, 2010, Trion announced that it would be launching a new

28 | MMORPG in the near future entitled "Rift: Planes of Telara."  Id.

33.     According to Trion's other website, located at www.trionworlds.com, "Rift: Planes of Telara™ is a fantasy MMO Role Playing Game set in a dynamic world being torn apart by powerful rifts from other planes." *See* **EXHIBIT 12**, printout from www.trionworlds.com website, p. 5.

34.     As described, Rift: Planes of Telara (the "Rift Game") is precisely the type of game – a fantasy role-playing game – that Palladium has been marketing in a variety of media for 20 years under its RIFTS® trademarks, and which was the subject of the Rifts: Promise of Power® computer game.

35.     As evidenced from Trion's websites, the RIFT mark is the dominant portion of the Rift Game's title and is, in fact, made more prominent in the game's design logo. *See, e.g.,* Exhibit 11, p.1, Banner Heading; Exhibit 12, p.1.

36.     Furthermore, Trion previously introduced a version of this new game at an annual industry trade show in 2009, the E3 Expo, as "Heroes of Telara," announcing only recently a change to a title including a variation of the RIFTS® trademark.  As noted in a column dated April 26, 2010 by William Murphy of MMORPG.com (which stands for "Massively Multiplayer Online Role Playing Game"):

> At last year's E3 Trion unveiled plans for their flagship MMORPG, Heroes of Telara…. Heroes of Telara went into ninja-stealth mode and hardly a word was uttered about it in the time since.  The silence was finally broken Thursday night with the unveiling of a brand new trailer, along with a brand new name.  Heroes of Telara is no more.  Long live **Rift: Planes of Telara.**

*See* **EXHIBIT 13**, Printout from www.mmorpg.com website, pp. 1-2.

37.     Whatever "buzz" or preliminary good will Trion may have built up in its proposed new game, came under the title "Heroes of Telara," until it announced on April 26, 2010 that it intended to change the title.

**2.     Likelihood of Confusion.**

38.     It is also clear that the public will not readily distinguish between Trion's "RIFT" mark and Palladium's RIFTS® mark.  The Murphy column quoted above quickly moves, in

///

1   discussing the new game, from use of "Rift" to the use of "Rifts" on a regular basis.  A few

2   examples, among many, include:

3   •   "The Rifts are causing creatures and life from other worlds to seep into and threaten

4       Telara.

5   •   "There are two factions of belief concerning the Rifts of Telara."

6   •   "[T]he Defiants want nothing more than to harness the Rifts' power."

7   Exh. 13, at 2.

8       39.   It is virtually certain that the "Rifts" version of the word will be used frequently

9   with reference to the Rift Game, thereby increasing the likelihood of confusion.  Indeed, in

10  interviews and various materials, Trion and others have already begun referring to their proposed

11  game as simply "Rift."  *See* **EXHIBIT 14**, printouts from various internet websites, demonstrating

12  the contraction of the game's title by both Trion and fans, even at this early date, with references

13  to "Rift"; "Rift's"; and "Rifts" when referring to the game.  Virtually nobody refers to the game as

14  "Telara" or "Planes of Telara."

15      40.   In fact, Trion promoted its Rift Game at the 2010 E3 Expo, held from June 15-17,

16  2010, after it had been sued by Palladium.  As shown by **EXHIBIT 15**, a photograph of Trion's

17  exhibit booth at E3 2010 promoting the Rift Game, the hugely dominant portion of the Rift Game

18  logo is the single word "RIFT," cast in font many times the size of the infinitesimal "Planes of

19  Telara," which can barely be seen beneath the RIFT logo.

20      41.   Even where an effort is made to distinguish between RIFT and RIFTS, where the

21  singular term is used in its possessive, as it is already being used, "Rift's" – referring to Trion's

22  game – will sound exactly like "Rifts."

23      42.   In fact, the internet posters whose comments follow the Murphy article demonstrate

24  the conversion from RIFT to RIFTS within a mere day or two of the announcement of the game's

25  title.  Exh. 13, at 4 *et seq.*

26      **3.   The Infringing Trademark Application.**

27      43.   On April 21, 2010, Trion filed an application with the U.S. Patent and Trademark

28  Office for "Rift: Planes of Telara."  *See* **EXHIBIT 16**, Printout from USPTO's TESS database for

1  Serial No. 85/020022, for "Entertainment Services, namely providing online video games and

2  computer games."

3         44.    That application was filed under section 1(b), indicating that it is an "intent to use"

4  application and that Trion was not at that time using the mark commercially.

5         45.    For the reasons shown above, the applied-for mark, as applied to the services it

6  purports to cover, infringes Palladium's RIFTS® family of trademarks.

7         **4.     The Infringing Domain Name.**

8         46.    Trion has also acquired the domain name (URL) "riftgame.com."  *See* **EXHIBIT**

9  **17**, Printout from www.godaddy.com website.  Although purchased by a "proxy" service to avoid

10  having to identify the owner, the information provided by godaddy.com indicates that the site is

11  being operated through "trionworld" servers.

12         47.    The riftgame.com URL is being used to operate a website promoting the Rift

13  Game.  The domain name consists solely of a minor variation on the RIFTS® trademark, in

14  conjunction with the purely descriptive term "game," which is descriptive of the type of product

15  offered by both Trion and Palladium.

16         48.    Used in this manner, the riftgame.com domain name is likely to cause confusion

17  among prospective customers seeking out Palladium's Rifts® games on the internet.  Indeed, a

18  variety of searches on Google.com indicate how Trion's game is infiltrating searches that

19  primarily direct internet traffic to Palladium's website and games.  *See* **EXHIBIT 18**, Printouts of

20  Google searches for "Rifts MMO," showing confusion as to whether Trion's game is actually an

21  MMORPG of Palladium's RIFTS®, and also showing likely diversion of internet users searching

22  for information on Rifts® to sites featuring information on Trion's game.

23         49.    Indeed, within mere days of Trion's announcement of its "new" Rift Game, there

24  was ample evidence of actual confusion among the gaming community, the most likely users of

25  both Palladium's trademarked role-playing game products and Trion's new role-playing game

26  product.  *See, e.g.,* **EXHIBIT 19**, printouts of internet forum entries from fans of role-playing

27  games, containing just some of the numerous examples of consumer confusion already found

28  (with references to the page number in Exhibit 19 on which it is found)(emphasis is added):

Case No. 3:10-cv-02466-CRB **-** Counterclaim; Demand for Jury Trial
9

- **… is this based off the old paper pencil rifts game?** there are no gun, robots, power, armor. nothing. but there is a lot of stuff that is like it looks like it is going to be a bad rip off mixed with wow ["wow" stands for "World of Warcraft, a popular MMORPG.] – p. 2.

- Yeah, **I looked at this because I thought to myself, "Sweet Jeebus, it's about time Rifts made an MMO**…. And then I saw it, and I was like, damn another fantasy MMO clone. How dull. – p. 3

- **So this is the Rifts, the classic pen and paper rpg game, converted to an MMO?** Interesting, not sure how you can fit it all in, Rifts was pretty epic in scale and number of factions. – p. 4.

- Whoa, **for a minute I thought they were making an MMO out of Rifts tabletop.** – p. 5.

- Honestly, I don't blame Palladium Books a bit for suing Trion Worlds over this. **When I first heard of "Rift: Planes of Telara," I assumed it had something to do with the Rifts tabletop role-playing game myself.** – p. 6.

- Ha, it's funny because **the first time I saw an article on Rift: Planes of Telara, I immediately thought a Rifts MMO was coming out, and I got a little giddy.** RIFTS is an awesome setting, regardless of what anyone says. – p. 7.

- …**when R;PoT was announced the first thing I thought of was Pallidium's (sic) Rift's game**, of which I have an somewhat unhealthy collection of books (30+). p. 8.

- **RIFTS was the first thing I thought of too**…. – p. 9.

- **Same here. "Rift" immediately made me think of "Rifts" pnp [pen and paper game]. Then I read into the details and thought even more that it was a game based off of Palladium.** – p. 9.

- **I'm actually surprised that Trion went with the name, as it was the PnP game [the Rifts® pen and paper game] that came to mind first when they announced it.** – p. 10.

**5.      Trion's Wrongful Intent.**

50.      Palladium's RIFTS® games and trademark have been exceptionally well-known in the fantasy and role-playing game industry for the past two decades.

51.      Trion represents on its various websites that it has personnel with many years of experience in the gaming industry. For example, Trion cites to the recent acquisition of Scott Hartsman, "who comes to Trion with more than 20 years of games industry experience and has

1  contributed to more than 40 online products."  Purportedly, Hartsman was a former executive with

2  Sony Online Entertainment.  *See* Exhibit 12, p. 3.  Trion also cites to the acquisition of David Reid

3  as marketing director, who has "more than a decade of successes in the games industry."  Id.

4       52.    It is inconceivable that a company boasting such a wealth of individuals with such

5  broad-based experience in the gaming industry would not have institutional and individualized

6  knowledge of the family of RIFTS® products produced by Palladium over the past 20 years –

7  particularly given the introduction of the Nokia Rifts® computer game several years ago.  Thus, it

8  is clear that Trion is knowingly and intentionally attempting to free-ride on the good will

9  established in the RIFTS® marks.

10  **C.**    **Irreparable Injury To Palladium.**

11       53.    Trion's continued use of a mark substantially similar to Palladium's RIFTS®

12  trademark will cause substantial consumer confusion and, in turn, will cause Palladium irreparable

13  economic harm.  Palladium's advertising and marketing are targeted to unsophisticated teenagers

14  and other fantasy and science fiction role playing game players looking for an exciting RPG, or

15  video/computer game.  Many of these potential customers, who may have experience or be

16  familiar with Palladium's high-quality and well-known products, will undoubtedly be confused

17  and misled by the existence of a competitor's product – new and unproven – bearing a name

18  clearly evocative of the well-known Palladium family of Rifts® products.  Moreover, the entry

19  into the market of a "Rift" MMORPG will taint that market irretrievably and make it far more

20  difficult for Palladium to succeed with its own planned Rifts® MMORPG.

21           **IV.    CLAIMS FOR RELIEF**

22           **First Claim For Relief**

23           **Trademark Infringement (15 U.S.C. § 1114)**

24       54.    Palladium repeats and realleges all allegations of the Counterclaim as if fully

25  restated herein.

26       55.    At all times relevant hereto, Palladium has been the exclusive owner of the

27  trademark "Rifts," including, among others, the following United States trademark registrations

28  ///

for "Rifts": Reg. No. 2,045,806; Reg. No. 2,889,353; and Reg No. 3,036,181, all of which are valid and subsisting.

56. Palladium's registered trademarks include:

"Computer game software and computer game programs containing role playing games involving science fiction or fantasy adventures, or involving character generation or scenario generation."

57. Palladium is also the owner of a pending U.S. trademark application, Serial No. 85/043338 for "role playing games," to further memorialize its rights in the Rifts mark established over the past 20 years, and already covered by its various existing registrations.

58. Through continued and extensive use and advertising, the RIFTS® mark has become exclusively identified with Palladium.

59. Trion has infringed Palladium's mark in interstate commerce by various acts, including the promotion and marketing of a computer role playing game entitled "Rift: Planes of Telara." Trion wrongfully used and continues to use a mark substantially similar to the RIFTS® mark and/or other words, terms, names, symbols, or devices, in commerce, in connection with its goods and services.

60. Such use is without permission or authority of Palladium and is likely to cause, and has already caused, confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Trion with Palladium, or as to the origin, sponsorship, or approval of Trion's goods, services, or commercial activities, by Palladium.

61. Trion's violation of Palladium's rights in the trademark "Rifts" is knowing, willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage Palladium and the trademark.

62. As a direct result of Trion's violations, as aforesaid, Palladium has suffered substantial harm including, but not limited to, irreparable harm which cannot be remedied unless Trion is enjoined from use of the trademarks, as well as damages in an amount to be proven at trial.

///

1

**Second Claim For Relief**

2

**False Designation of Origin -- 15 U.S.C. § 1125**

3        63.     Palladium repeats and realleges all allegations of the Counterclaim as if fully set

4    forth herein.

5        64.     At all times relevant hereto, Palladium has been the exclusive owner of the

6    trademark "Rifts."

7        65.     Through continued and extensive use and advertising, the trademark "Rifts" has

8    become exclusively identified with Palladium.

9        66.     Trion has wrongfully used and continue to use the mark RIFTS® and/or other

10   confusingly similar words, terms, names, symbols, or devices, in commerce, in connection with

11   their goods and services.

12       67.     Such use is likely to cause and has already caused confusion, or to cause mistake,

13   or to deceive as to the affiliation, connection, or association of Trion with Palladium, or as to the

14   origin, sponsorship, or approval of Trion's goods, services, or commercial activities, by

15   Palladium.

16       68.     Trion's violation of Palladium's rights in the trademark "Rifts" is knowing, willful,

17   deliberate, fraudulent, and intentional, and was made with the knowledge that such violation

18   would damage Palladium and the trademark.

19       69.     As a direct result of Trion's violations, as aforesaid, Palladium has suffered

20   substantial harm including, but not limited to, irreparable harm which cannot be remedied unless

21   Trion is enjoined from use of the trademarks, as well as damages in an amount to be proven at

22   trial.

23

**Third Claim For Relief**

24

**California Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq*.**

25       70.     Palladium repeats and realleges all allegations in the Counterclaim as though fully

26   set forth herein.

27       71.     At all times relevant hereto, Palladium has been the exclusive owner of the

28   trademark RIFTS®.

1    72.    Through continued and extensive use and advertising, the trademark RIFTS® has

2 become exclusively identified with Palladium.

3    73.    Trion has wrongfully used and continues to wrongfully use the trademark and/or

4 colorable imitations thereof, in commerce, in connection with the sale, offering for sale,

5 distribution, or advertising of its goods and services, in violation of Palladium's rights.

6    74.    Trion's conduct aforesaid is likely to cause confusion, or to cause mistake, or to

7 deceive consumers and the public.

8    75.    Trion's violation of Palladium's rights in the trademark is willful, deliberate,

9 fraudulent, and intentional, and was made with the knowledge that such violation would damage

10 Palladium and the trademark.

11    76.    By reason of the foregoing acts, Trion has intentionally caused a likelihood of

12 confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly

13 competing with Palladium in violation of California Business & Professions Code § 17200 *et seq.*

14    77.    Trion's aforesaid actions constitute unlawful, unfair, malicious, or fraudulent

15 practices that have injured and violated the rights of Palladium in an amount to be determined at

16 trial.

17    78.    Further, as a direct result of Trion's violations, as aforesaid, Palladium has suffered

18 substantial harm including, but not limited to, irreparable harm which cannot be remedied unless

19 Trion is enjoined from further violation of Palladium's rights, for which Palladium has no

20 adequate remedy at law.

21                          **Fourth Claim For Relief**

22                    **Infringement of Common Law Trademarks**

23    79.    Palladium repeats and realleges all allegations in the Counterclaim as though fully

24 set forth herein.

25    80.    Since 1990, Palladium has been the owner of common law trademark rights in the

26 mark "Rifts" for games, namely role-playing games in the fantasy and science fiction genres.

27    81.    The Rifts games involve, among other things, aliens, alien invaders, embattled

28 humans, supernatural beings, magic, time travelers, robots, powerful characters, and mythic

1   figures, all of whom come through portals or dimensional tears, are engaged in invading the earth

2   and in other wars or conflicts, using a wide range of weapons, magic, armor, vehicles, demons,

3   elemental creatures, aliens, and supernatural beings.

4         82.    In order to convey the continuity of the Rifts® series, many of the Rifts® games

5   are titled "Rifts  _____" – with a secondary phrase, such as "Promise of Power"; "Dark

6   Conversions"; "Chaos Earth"; "Megaverse in Flames"; and "Shemarrian Nation," among others,

7   used to denote the particular story in the Rifts® series.

8         83.    Over the past twenty years, Palladium's Rifts games have been published and sold

9   in a variety of media, including, but not necessarily limited to, printed publications (i.e., pen and

10  paper games), collectible card games, electronic games, and computer games.

11        84.    Palladium's Rifts role-playing games have been sold continuously, and continue to

12  be sold, throughout the United States and internationally in numerous foreign countries.

13        85.    Through its continuous use of its Rifts trademark over 20 years, Palladium has

14  established common law rights in the Rifts mark for games, particularly role-playing games in the

15  fantasy and science fiction genres.

16        86.    Trion has infringed Palladium's mark in interstate commerce by various acts,

17  including the promotion and marketing of a computer role playing game entitled "Rift: Planes of

18  Telara." Trion wrongfully used and continues to use a mark substantially similar to the RIFTS®

19  mark and/or other words, terms, names, symbols, or devices, in commerce, in connection with its

20  goods and services

21        87.    Such use is without permission or authority of Palladium and is likely to cause and

22  has already caused confusion, to cause mistake, and to deceive as to the affiliation, connection, or

23  association of Trion with Palladium, or as to the origin, sponsorship, or approval of Trion's goods,

24  services, or commercial activities, by Palladium.

25        88.    Trion's violation of Palladium's rights in the trademark "Rifts" is knowing, willful,

26  deliberate, fraudulent, and intentional, and was made with the knowledge that such violation

27  would damage Palladium and the trademark.

28  ///

1    89.    As a direct result of Trion's violations, as aforesaid, Palladium has suffered

2  substantial harm including, but not limited to, irreparable harm which cannot be remedied unless

3  Trion is enjoined from use of the trademarks.

**Fifth Claim For Relief**

**California Common Law of Unfair Competition**

6    90.    Palladium repeats and realleges all allegations in the Counterclaim as though fully

7  set forth herein.

8    91.    By reason of its acts aforesaid, Trion has intentionally caused a likelihood of

9  confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly

10  competing with Palladium in violation of the common law of the State of California.

11    92.    By its actions, Trion has irreparably injured Palladium.  Such irreparable injury will

12  continue unless Trion is preliminarily and permanently enjoined by this Court from further

13  violation of Palladium's rights, for which Palladium has no adequate remedy at law.

14    93.    Trion's willful acts of unfair competition under the common law of the State of

15  California constitute fraud, oppression, and malice.  Accordingly, Palladium is entitled to

16  exemplary damages pursuant to California Civil Code § 3294(a).

**IV.    PRAYER FOR RELIEF**

18    WHEREFORE, Counter-Plaintiff Palladium prays for judgment against Counter-

19  Defendant Trion as follows:

20    A.    That the Court enter judgment in favor of Palladium and against Trion on all claims

21  for relief alleged herein;

22    B.    That the Court enter judgment that Trion has knowingly and willfully violated the

23  provisions of 15 U.S.C. § 1114(a) by infringing Palladium's trademark rights in its federally

24  registered RIFTS® mark;

25    C.    That the Court enter judgment that Trion has knowingly and willfully violated the

26  provisions of 15 U.S.C. § 1125(a) by making a false designation origin, false description, and/or

27  false representation leading to a likelihood of confusion within the purchasing public;

28  ///

1        D.      That the Court enter judgment that Trion willfully and unfairly competed with

2    Palladium in violation of California Business & Professions Code § 17200 *et seq.;*

3        E.      That the Court enter judgment that Trion willfully infringed Palladium's common

4    law RIFTS trademarks;

5        F.      That the Court enter judgment that Trion willfully and unfairly competed with

6    Palladium in violation of the common law of the State of California;

7        G.      That the court enter a preliminary and permanent injunction providing as follows:

8            (a)     That Trion, its partners, directors and officers, agents, servants, employees,

9    and all other persons in active concert or privity or in participation with Trion, be preliminarily

10   and permanently enjoined from directly or indirectly using "Rifts" or any other trademark of

11   Palladium, or any colorable imitation or variant thereof, as part of any trademark, service mark or

12   trade name, or in such a way as to be likely to cause confusion, mistake, or to deceive as to the

13   affiliation, connection, or association of Trion with Palladium, or as to the origin, sponsorship, or

14   approval of Trion's goods, services, or commercial activities, by Palladium, enjoining specifically,

15   but not limited to, Trion's use of "Rift: Planes of Telara" as the name of a computer game;

16           (b)     That Trion be preliminarily and permanently required to cease the use of the

17   domain name "riftgame.com," and to immediately shut down the website accessed via said

18   domain name, and to transfer said domain name to Palladium;

19       H.      That Trion be directed to file with this Court and serve on Palladium within thirty

20   (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail

21   the manner and form in which Trion has complied with the injunction, pursuant to 15 U.S.C. §

22   1116;

23       I.      That Trion be required to account to Palladium for all income and benefits received

24   by Trion from the use of Palladium's trademark, or colorable imitation thereof, and that Trion be

25   required to disgorge all such income;

26       J.      That Trion be required to deliver to Palladium and/or destroy, at Trion's sole

27   expense, any and all goods, products, devices, literature, advertising, and other materials bearing

28   the infringing mark, pursuant to 15 U.S.C. § 1118;

1    K.    That Trion be required to withdraw with prejudice their federal application, Serial

2    No. 85/020022, for the service mark "Rift: Planes of Telara";

3    L.    That Trion pay Palladium all damages available under the Lanham Trademark Act,

4    suffered by Palladium as a result of Trion's violations of Palladium's rights under the Lanham

5    Act, 15 U.S.C. § 1050 *et seq.*, as aforesaid;

6    M.    That Trion pay Palladium all damages available under California statutory and

7    common law for its violations of Palladium's rights;

8    N.    That Trion pay Palladium costs and expenses, including attorney fees, and all other

9    damages available for violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and/or California

10   statutory and common law;

11   O.    That Palladium be awarded treble damages pursuant to 15 U.S.C. § 1117;

12   P.    That Palladium be awarded exemplary damages from Trion pursuant to California

13   Civ. Code § 3294; and

14   Q.    That Palladium be granted such other and further relief as this Honorable Court

15   deems just.

16                    **DEMAND FOR TRIAL BY JURY**

17        Pursuant to Fed. R. Civ. P. 38(b), Palladium Books, Inc. demands a trial by jury of all

18   issues in this case that are triable to a jury.

19

20   Dated: June 28, 2010                    Respectfully Submitted,

21                                    THE KAUFMAN LAW GROUP

22

23                                    By:_____/s/_____
                                          Gary Jay Kaufman
24                                        Attorneys for Defendant and Counter-Plaintiff,
                                          Palladium Books, Inc.
25

26

27

28