Gary Jay Kaufman, Esq.   State Bar No. 92759
  gary@kaufmanlawgroupla.com
Colin Hardacre, Esq.        State Bar No. 250915
  colin@kaufmanlawgroupla.com
THE KAUFMAN LAW GROUP
1901 Avenue of the Stars, Suite 1010
Los Angeles, California 90067
Telephone:  (310) 286-2202
Facsimile:  (310) 712-0023

R. Christopher Cataldo, Esq. (*pro hac vice pending*)
  ccataldo@jaffelaw.com
Emilija Avsharian, Esq. (*pro hac vice pending*)
  eavsharian@jaffelaw.com
JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Ave., Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
Facsimile:  (248) 351-3082

Peter M. Falkenstein, Esq. (*pro hac vice pending*)
  pfalkenstein@jaffelaw.com
JAFFE RAITT HEUER & WEISS, P.C.
201 S. Main St., Suite 300
Ann Arbor, MI 48104
Telephone: (734) 222-4776
Facsimile:  (734) 222-4769

Attorneys for Defendant/Counter-Plaintiff,
Palladium Books, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRION WORLDS, INC., a Delaware corporation,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>PALLADIUM BOOKS, INC., a Michigan corporation,<br><br>　　　　Defendant/Counter-Plaintiff. | Case No. **3:10-cv-02466-CRB**<br><br>**DEFENDANT/COUNTER-PLAINTIFF'S ANSWER TO COMPLAINT AND DEFENSES**<br><br>**DEMAND FOR JURY TRIAL** |

# ANSWER

Defendant/Counter-Plaintiff, Palladium Books, Inc. ("Palladium"), by and through its undersigned counsel, for its Answer to the Complaint filed by Plaintiff/Counter-Defendant Trion Worlds, Inc. ("Trion"), states as follows:

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

1. Palladium admits only that Plaintiff asserts in its Complaint the claims cited in paragraph 1, but denies that any of those claims have merit.

2. Paragraph 2 states a conclusion of law to which no answer is required.

3. Paragraph 3 states a conclusion of law to which no answer is required.

4. Paragraph 4 states a conclusion of law to which no answer is required.

## PARTIES

5. Palladium admits, upon information and belief, the allegations of paragraph 5.

6. Admitted.

## FACTS COMMON TO ALL CLAIMES FOR RELIEF

7. Palladium denies information sufficient to form a belief as to the truth of the allegations of paragraph 7; therefore said allegations are deemed denied as untrue.

8. Palladium denies information sufficient to form a belief as to the truth of the allegations of paragraph 8; therefore said allegations are deemed denied as untrue.

9. Palladium denies information sufficient to form a belief as to the truth of the allegations of paragraph 9; therefore said allegations are deemed denied as untrue. Palladium further avers, however, that it was not until April 26, 2010 that Plaintiff publicly announced that it was changing the name of its game from "Heroes of Telara" to "Rift: Planes of Telara." Palladium filed suit against Plaintiff in the Eastern District of Michigan just days later.

10. Palladium admits only that Plaintiff's game is marketed under the "Rift: Planes of Telara" mark. Palladium denies as untrue that Plaintiff markets its game under that mark "in conjunction with the 'Trion Worlds' house mark."

///

///

11.     Palladium denies knowledge sufficient to ascertain whether the Trion RIFT game was launched "amidst much media fanfare," and said allegation is thus deemed denied as untrue. Palladium admits the remaining allegations of paragraph 11.

12.     Palladium admits, upon information and belief, the allegations of paragraph 12 and further avers that Trion did, in fact, feature the RIFT game at the 2010 E3 trade show.

13.     Palladium admits only that Plaintiff has filed an application for a "Rift: Planes of Telara" service mark.  Palladium further avers that it has filed a Letter of Protest with the U.S Patent & Trademark Office regarding said application, indicating Palladium's belief that the application should be denied due to a likelihood of confusion with various of Palladium's registered marks, and seeking suspension of action on that application until that issue is resolved in this proceeding.

14.     Palladium denies as untrue the allegations of paragraph 14.  More specifically, Palladium denies that it "publishes books about various 'pen and paper' role playing games." Rather, the Palladium publications are, in fact, the role playing games themselves; i.e., they are role playing games that happen to be published in book format.

15.     Palladium admits only that it published the first in the 90+ series of RIFTS role-playing games and game supplements in 1990, and that the language quoted by Plaintiff is part of a larger description from the Palladium website, the content of which is self-evident.  Palladium denies Plaintiff's characterization as to the significance of that language.

16.     Palladium admits paragraph 16, but further avers that not all of its publications contain the phrase "Palladium Books presents:" preceding the title.

17.     Paragraph 17 contains purely subjective opinion and characterization which Palladium denies as untrue.

18.     Palladium denies as untrue the allegations of paragraph 18 and further avers that the Rifts® series of role-playing games are recognized as seminal games within the industry.

19.     Palladium denies as untrue the allegations of paragraph 19.

20.     Palladium denies as untrue the allegations of paragraph 20.

///

21. Palladium denies as untrue, and as mis-characterizations taken out of context, the allegations and quotations of paragraph 21, and further avers that the Rifts: Promise of Power computer game was available for purchase in the United States and that sales were made in the United States.

22. Palladium denies information sufficient to form a belief as to the truth of the allegations of paragraph 22 and said allegations are therefore deemed denied as untrue.

23. Palladium denies as untrue the allegations of paragraph 23 and further avers that it has been engaged in constant negotiations over the past several years for the production a RIFTS MMO video role-playing game.

24. Palladium denies as untrue the allegations of paragraph 24.

25. Palladium denies as untrue the allegations of paragraph 25.

26. Palladium admits only that it is the owner of the four federally registered marks cited in paragraph 26; and denies that it merely "claims" to be the owner of said registrations.

27. Palladium denies as untrue the allegations of paragraph 27 and further avers that that there has already been evidence of actual confusion produced by Palladium, and that there is a high likelihood of confusion going forward.

28. Palladium denies as untrue the allegations of paragraph 28; denies specifically that the subtitle "Planes of Telara" is unique or memorable or that it allows customers to distinguish it in any way from Palladium's products.  Palladium further avers that the Planes of Telara subtitle is likely to be viewed by potential customers as simply the next in a long line of RIFTS games produced by Palladium, and that evidence already shows that both Plaintiff and its potential customers are referring to its games primarily as RIFT, dropping any reference to the "Planes of Telara" subtitle.  Palladium further avers that, as already used by Plaintiff, the logo for its game includes the term "RIFT" in massive letters, with the phrase "Planes of Telara" submerged in tiny letters beneath "RIFT" in such a manner as to make it virtually irrelevant.  Plaintiff's intent to rely on "RIFT" as the predominating factor is further evidenced by its use of the URL "riftgame.com" for the website devoted to its game.

///

29. Palladium denies as untrue the allegations of paragraph 29 and further avers that ample evidence shows that Plaintiff's RIFT game is often advertised without reference to Trion's house mark. Palladium further denies that Plaintiff's use of its house mark is consistent or conspicuous.

30. Palladium denies as untrue the allegations of paragraph 30 and further avers that evidence demonstrates that both Plaintiff and its potential customers refer to its game as RIFT, and that there is virtually no use by anyone of the "R:PoT" acronym that Plaintiff claims will become widely used. In fact, nowhere in Plaintiff's own advertising is the game referred to as R:PoT; but it is commonly referred to as RIFT. Moreover, the dominant appearance of "RIFT" in the game logo virtually guarantees that this will be the shortened name by which the game is known. Finally, Plaintiff has adopted the URL "riftgame.com" – not "rpot.com" for the website devoted to its game.

31. Palladium denies as untrue the allegations of paragraph 31, given that Plaintiff has not yet even launched its game and cannot, therefore, know how many people will be playing it. Palladium admits only that Plaintiff anticipates that thousands of people will play its game. Moreover, until the game is launched Palladium lacks knowledge sufficient to determine whether Plaintiff's game will contain "cutting edge graphics." Palladium further denies the characterization of both its and Plaintiff's games.

32. Palladium denies the allegations of paragraph 32, as Plaintiff has selectively chosen to highlight just a few aspects of its and Palladium's games; whereas, in reality, trailers for Plaintiff's game indicate that there are numerous similarities between the games in ways that reveal that Plaintiff's game may, in fact, infringe on protected copyrighted works of Palladium.

33. Palladium denies as untrue the allegations of paragraph 33.

34. Palladium denies as untrue the allegations of paragraph 34 that consumers exercise a high degree of care in selecting which games to subscribe to; particularly since Plaintiff's RIFT game will be available for purchase on shelves of local video game stores, along with numerous other games, where they are offered for sale in the style of movie DVDs.

///

35. Palladium denies the allegations of paragraph 35 as untrue and further avers that consumers of role playing games have long been asking for and anticipating release of a Palladium RIFTS MMO and may well be confused into believing that the RIFT game is the long awaited Palladium RIFTS game.

36. Palladium admits the allegations of paragraph 36.

37. Palladium admits only that it has not yet filed the Section 8&15 Affidavit of Continued Use for the '353 Registration; but further avers that mark had been registered for more than five years at the time Plaintiff filed this challenge to the '353 mark and that, per the provisions of 15 U.S.C. § 1064, the Mark is not subject to cancellation.

38. Palladium denies Plaintiff's incomplete characterization of the application for the '806 mark and further states that the content of that entire document is self-evident.

39. Palladium denies Plaintiff's incomplete characterization of Palladium's response to the USPTO's Office Action and further states that the content of that entire document is self-evident.

40. Palladium denies as untrue Plaintiff's characterizations of the description of specimens submitted by Palladium in support of the '806 registration and further states that the content of those specimens is self-evident.

41. Palladium denies as untrue Plaintiff's characterizations in paragraph 41, as well as its speculation regarding Palladium's intent or the manner in which the USPTO considered Palladium's statements in issuing the '806 registration.

42. Palladium denies as untrue Plaintiff's characterization in paragraph 42, taken out of context, of Palladium's statements regarding the Rifts Game Master Companion and denies as untrue the remaining allegations of paragraph 42.

43. Palladium denies as untrue the allegations of paragraph 43.

44. Palladium denies as untrue the characterization by Plaintiff of statements made by Palladium and admits only that the language quoted in paragraph 44 was included in the Section 8&15 Declaration filed by Palladium as to the '806 mark.

///

45. Palladium admits only that the specimen submitted with the Section 8&15 Affidavit for the '806 mark was accurately described in Palladium's submission to the USPTO and that the USPTO accepted that specimen as adequate to support the Affidavit for the Class 028 mark registered in the "games" category.

46. Palladium denies Plaintiff's incomplete characterization of Palladium's filings in support of the '806 mark and further states that the content of said documents is self-evident. Palladium denies Plaintiff's speculation as to the effect of Palladium's filings on the actions of the USPTO.

47. Palladium denies Plaintiff's incomplete and selective characterization of statements made by Palladium and denies as untrue the remaining allegations of paragraph 47.

48. Palladium denies as untrue the allegations of paragraph 48.

49. Palladium denies Plaintiff's incomplete characterization of Palladium's Section 8&9 filings in support of the '806 mark and further states that the content of said documents is self-evident.

50. Palladium admits only that the specimen submitted with the Section 8&9 Affidavit for the '806 mark was accurately described in Palladium's submission to the USPTO and that the USPTO accepted that specimen as adequate to support the Affidavit for the Class 028 mark registered in the "games" category.

51. Palladium denies Plaintiff's incomplete characterization of Palladium's filings in support of the '806 mark and further states that the content of said documents is self-evident. Palladium denies Plaintiff's speculation as to the effect of Palladium's filings on the actions of the USPTO.

52. Palladium denies as untrue the allegations of paragraph 52.

53. Palladium denies as untrue the allegations of paragraph 53.

54. Palladium denies as untrue the incomplete characterization in paragraph 54 of the content of its application for the '181 mark and further states that the content of that document is self-evident.

55. Admitted.

1    56.    Palladium denies Plaintiff's characterizations of the law contained in paragraph 56 and further states that legal requirements for obtaining a trademark registration, to which Plaintiff apparently refers, are set forth accurately in the TMEP and CFR.

57.    Palladium denies Plaintiff's incomplete characterization contained in paragraph 57 of the documents in the file wrapper for the '181 registration and further states that the content of those documents is self-evident.

58.    Palladium denies Plaintiff's incomplete and out of context characterization contained in paragraph 58 of the documents in the file wrapper for the '181 registration and further states that the content of those documents is self-evident.

59.    Palladium denies Plaintiff's incomplete and out of context characterization contained in paragraph 59 of the documents in the file wrapper for the '181 registration and further states that the content of those documents is self-evident.  Palladium denies knowledge or information sufficient to form a belief as to the effect of any of Palladium's submissions or representations on the actions taken by the USPTO.

60.    Palladium denies as untrue the allegations of paragraph 60.

61.    Palladium denies as untrue the excerpted and out-of-context material cited by Plaintiff as standing for the proposition that Palladium was not using the mark covered by the '181 registration.

62.    Palladium denies as untrue the allegations of paragraph 62.

63.    Palladium denies as untrue the incomplete characterization in paragraph 63 of the content of its application for the '944 mark and further states that the content of that document is self-evident.  Palladium admits only that the language quoted in paragraph 63 appears in said application.

64.    Admitted.

65.    Palladium denies Plaintiff's characterizations of the law contained in paragraph 65 and further states that legal requirements for obtaining a trademark registration, to which Plaintiff apparently refers, are set forth accurately in the TMEP and CFR.

///

66. Palladium denies Plaintiff's excerpted and incomplete characterization contained in paragraph 66 of the Statement of Use filed in support of the '944 registration and further states that the content of that document is self-evident.

67. Palladium denies Plaintiff's characterization of the contents of documents filed in support of the '944 registration and further states that the content of those documents is self-evident. Palladium further states that it lacks knowledge or information sufficient to form a belief as to the effect of any of Palladium's submissions or representations on the actions taken by the USPTO.

68. Admitted.

69. Palladium admits only that it submitted a specimen of use for the '944 registration on December 15, 2006, but denies Plaintiff's characterization of the specimen and further states that the content of the specimen is self-evident.

70. Palladium states that the '944 registration was in use at least for the categories of video game software and equipment in Class 009 and for role playing and fantasy games, game materials, game equipment, instruction and game tip manuals, and video game machines in Class 028, specific product classifications that Plaintiff may be infringing through the use of its RIFT mark. To the extent that such filing claimed use on other goods, such claim was inadvertent and made without intent to deceive the USPTO.

71. Palladium denies as untrue the excerpted and out-of-context material cited by Plaintiff in paragraph 71 as standing for the proposition that Palladium was not using the mark covered by the '944 registration and further denies as untrue the allegation that it was not using the mark at the time the Statement of Use was filed.

72. Palladium denies as untrue the allegations of paragraph 72.

73. Palladium denies as untrue Plaintiff's characterization of the contents of the complaint filed in the Eastern District of Michigan action and further states that the content of that complaint is self-evident.

74. Admitted.

75. Admitted.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment – Declaration of Noninfringement, Etc.

76. Paragraph 76 requires no response.

77. Palladium admits that Plaintiff claims that an actual and justiciable controversy has arisen and now exists between the parties as to the issues stated in paragraph 77. Palladium further states that the resolution of any such controversy is more appropriate for resolution in connection with Plaintiff's affirmative Counterclaim being filed in conjunction with the filing of this Answer.

78. Palladium admits that Trion Worlds desires a judicial determination of its rights and obligations with respect to the Marks, and further states that the resolution of any such controversy is more appropriate for resolution in connection with Plaintiff's affirmative Counterclaim being filed in conjunction with the filing of this Answer.

79. Palladium admits only that Plaintiff claims that a judicial determination of its rights and duties is necessary and appropriate at this time, and further states that any determination of such rights and duties is more appropriate for resolution in connection with Plaintiff's affirmative Counterclaim being filed in conjunction with the filing of this Answer.

80. Palladium denies as untrue the allegations of paragraph 80.

81. Palladium admits only that Plaintiff seeks a declaration that it has not and does not infringe any of Palladium Books' rights in the Marks and has not and does not engage in any false designation of origin or unfair competition. Palladium further states that Plaintiff is not entitled to any such declaration on the merits.

## SECOND CLAIM FOR RELIEF

### Declaration that the '353 Registration is Descriptive and Lacks Secondary Meaning

82. Paragraph 82 requires no response.

83. Palladium admits that Plaintiff claims that an actual and justiciable controversy has arisen and now exists between the parties as to the issues stated in paragraph 83. Palladium further states that the resolution of any such controversy is more appropriate for resolution in

///

connection with Plaintiff's affirmative Counterclaim being filed in conjunction with the filing of this Answer.

84. Palladium admits that Trion Worlds desires a judicial determination of its rights and obligations with respect to the Marks, and further states that the resolution of any such controversy is more appropriate for resolution in connection with Plaintiff's affirmative Counterclaim being filed in conjunction with the filing of this Answer.

85. Palladium admits only that Plaintiff claims that a judicial determination of its rights and duties is necessary and appropriate at this time, and further states that any determination of such rights and duties is more appropriate for resolution in connection with Plaintiff's affirmative Counterclaim being filed in conjunction with the filing of this Answer.

86. Palladium admits only that Plaintiff seeks a declaration that Palladium's '353 Registration is merely descriptive, lacks secondary meaning, and is not entitled to trademark protection under the Lanham Act or common law.  Palladium further states that Plaintiff is not entitled to any such declaration on the merits.

### THIRD CLAIM FOR RELIEF

### Cancellation of Federal Registrations

87. Paragraph 87 requires no response.

88. Palladium denies as untrue the allegations of paragraph 88.

89. Palladium denies as untrue the allegations of paragraph 89.

90. Palladium denies as untrue the allegations of paragraph 90.

91. Palladium denies as untrue the allegations of paragraph 91.

92. Palladium denies as untrue the allegations of paragraph 92.

### PRAYER FOR RELIEF

WHEREFORE, Palladium Books, Inc. respectfully requests this Court to enter a judgment dismissing Plaintiff's request for relief on all counts; awarding Palladium its costs and expenses in defending this action; and awarding Palladium such other and further relief as the Court deems just.

///

## DEFENSES

Palladium Books, Inc., by and through its undersigned counsel, states the following defenses to Plaintiff's Complaint:

1. The Complaint fails to state a cause of action upon which relief may be granted.
2. Plaintiff's use of its RIFT mark for a role-playing game is likely to cause confusion with regard to Palladium's RIFTS mark for role-playing games in various media; therefore, Plaintiff is not entitled to a declaration of non-infringement.
3. Palladium's marks are inherently distinctive.
4. Palladium's marks have acquired secondary meaning among the relevant consuming public.
5. Plaintiff has knowingly and willfully infringed Palladium's trademarks.
6. Palladium's trademark and service mark registrations constitute prima facie evidence of their validity.
7. By virtue of the '353 Registration having been registered for more than five years prior to the filing of this action, Plaintiff may not now seek cancellation of that registration or to have it declared invalid or unenforceable for mere descriptiveness.
8. Palladium did not knowingly make false statements to the USPTO.
9. Palladium did not at any time have any intent to deceive the USPTO.
10. Plaintiff's claims are barred by the doctrine of unclean hands.
11. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.
12. Palladium reserves the right to assert additional defenses up to and including the time of trial as the applicability of such defenses becomes known through discovery or otherwise.

///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Palladium demands a trial by jury of all issues in this case triable to a jury.

Dated: June 28, 2010                    Respectfully Submitted,

                                        THE KAUFMAN LAW GROUP

                                        By:_____/s/_____
                                            Gary Jay Kaufman
                                            Attorneys for Defendant and Counter-Plaintiff,
                                            Palladium Books, Inc.