1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11   TRION WORLDS, INC., a Delaware          Case No.  3:10-cv-02466-CRB
     corporation,
12                                           Hon. Charles R. Breyer
                    Plaintiff,
13
          v.
14                                           **STIPULATED PROTECTIVE ORDER**
     PALLADIUM BOOKS, INC., a Michigan
15   corporation,

16                  Defendant.

17

18   PALLADIUM BOOKS, INC., a Michigan
     corporation,
19
                    Counterclaimant,
20
          v.
21
     TRION WORLDS, INC., a Delaware
22   corporation,

23                  Counterdefendant.

24

25

26

27

28

1    Plaintiff and Counterdefendant Trion Worlds, Inc. ("Trion Worlds") and

2 Defendant and Counterclaimant Palladium Books, Inc. ("Palladium Books") stipulate through

3 their respective counsel of record as follows:

4                               **PURPOSES AND LIMITATIONS**

5    Disclosure and discovery activity in this action are likely to involve production of

6 certain confidential, proprietary, or private information for which special protection from public

7 disclosure would be warranted.  Accordingly, the parties hereby stipulate to and petition the

8 court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order

9 does not confer blanket protections on all disclosures or responses to discovery and that the

10 protection it affords extends only to the limited information or items that are entitled under the

11 applicable legal principles to treatment as confidential.  The parties further acknowledge, as set

12 forth in Section IX., below, that this Stipulated Protective Order creates no entitlement to file

13 confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

14 followed and reflects the standards that will be applied when a party seeks permission from the

15 Court to file material under seal.

16    Notwithstanding anything in this Stipulated Protective Order, the parties agree

17 that the Disclosure or Discovery Material, as defined in Section I.(B) below, shall not be used by

18 the Receiving Party, as defined in Section I.(E) below, for any purpose other than for prosecuting

19 or defending this action.

20 **I.    DEFINITIONS**

21    A.    Party or Parties:  any party to this action, and all parties to this action, including

22 all of its or their officers, directors, partners, employees, consultants, retained experts, and

23 outside counsel (and their support staff), including the law firms Girardi Keese, Jaffe Raitt Heuer

24 & Weiss, and Latham & Watkins LLP.

25    B.    Disclosure or Discovery Material:  all items or information, regardless of the

26 medium or manner generated, stored, or maintained (including, among other things, testimony,

27 transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any

28 party or non-party in disclosures or responses to discovery in this matter.

1        C.     "Confidential" Information or Items:  information (regardless of how generated,

2  stored, or maintained) or tangible things that qualify for protection under standards developed

3  under Federal Rule of Civil Procedure 26(c), and are designated as "Confidential" in the good

4  faith belief that it contains confidential, proprietary, trade secret and/or otherwise private

5  information subject to protection under state or federal law.

6        D.     "Highly Confidential–Attorneys' Eyes Only" Information or Items:  that narrow

7  and limited subset of Confidential Information or Items which is designated as "Highly

8  Confidential – Attorneys' Eyes Only," and whose disclosure to another Party or non-party the

9  Designating Party (as defined in Section I.(G), below) in good faith believes would create a

10  substantial risk of serious competitive injury to the business of the Designating Party, or other

11  serious injury, that could not be avoided by less restrictive means.

12        E.     Receiving Party:  a Party that receives Disclosure or Discovery Material from a

13  Producing Party.

14        F.     Producing Party:  a Party or non-party that produces Disclosure or Discovery

15  Material in this action.

16        G.     Designating Party:  a Party or non-party that designates information or items that

17  it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY

18  CONFIDENTIAL—ATTORNEYS' EYES ONLY."

19        H.     Protected Material:  any Disclosure or Discovery Material that is designated as

20  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

21        I.     Counsel:  attorneys who are retained to represent or advise a Party in this action

22  (not in-house counsel).

23        J.     Expert:  a person with specialized knowledge or experience in a matter pertinent

24  to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as

25  a consultant in this action and who is not a past or a current employee of a Party or of a

26  competitor of a Party's and who, at the time of retention, is not anticipated to become an

27  employee of a Party or a Party's competitor.  This definition includes a professional jury or trial

28  consultant retained in connection with this litigation.

1   K.   Professional Vendors:  persons or entities that provide litigation support services

2   (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

3   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

4   **II.   SCOPE**

5   The protections conferred by this Stipulated Protective Order cover not only

6   Protected Material (as defined above), but also any information copied or extracted therefrom, as

7   well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations,

8   or presentations by Parties or counsel to or in court or in other settings that might reveal

9   Protected Material.  All notes, memoranda, reports, and other written communications that reveal

10   or discuss information contained in Protected Materials shall be given the same protections under

11   this Stipulated Protective Order as though they were designated as Protected Material.

12   **III.   DURATION**

13   Even after the termination of this litigation—whether by settlement,

14   discontinuance, dismissal, severance, judgment or other disposition—the confidentiality

15   obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating

16   Party agrees otherwise in writing or a Court order otherwise directs.

17   **IV.   DESIGNATING PROTECTED MATERIAL**

18   A.   Manner and Timing of Designations.  Except as otherwise provided in this

19   Stipulated Protective Order (*see, e.g.*, second paragraph of Section IV.(A)(1), below), or as

20   otherwise stipulated or ordered, material that qualifies for protection under this Stipulated

21   Protective Order must be clearly so designated before the material is disclosed or produced.

22   Designation in conformity with this Stipulated Protective Order requires:

23   1.   for information in documentary form (apart from transcripts of depositions

24   or other pretrial or trial proceedings), that the Producing Party affix the legend

25   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top

26   or bottom of each page that contains protected material.  If only a portion of a document or

27   portions of the material on a page qualifies for protection, the Designating Party must clearly

28   identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must

1   specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

2   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

3           A Party or non-party that makes original documents or materials available for

4   inspection need not designate them for protection until after the inspecting Party has indicated

5   which material it would like copied and produced.  During the inspection and before the

6   designation, all of the material made available for inspection shall be deemed "HIGHLY

7   CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

8   documents it wants copied and produced, the Producing Party must determine which documents,

9   or portions thereof, qualify for protection under this Stipulated Protective Order, and before

10  producing the specified documents, the Producing Party must affix the appropriate legend

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top

12  or bottom of each page that contains protected material.  If only a portion of a document or

13  portions of the material on a page qualifies for protection, the Designating Party must clearly

14  identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must

15  specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

17          2.      for testimony given in deposition or in other pretrial or trial proceedings,

18  that the Designating Party identify all protected testimony on the record, before the close of the

19  deposition, hearing, or other proceeding, or identify in writing to the Receiving Party all

20  protected testimony within seven (7) calendar days after receipt of the final transcript.  Until

21  expiration of this seven day period after receiving the final transcript, all such testimony shall be

22  considered and treated as though it is designated "HIGHLY CONFIDENTIAL—ATTORNEYS'

23  EYES ONLY." Only those portions of the testimony that are designated in writing for protection

24  within the seven (7) days shall be covered by the provisions of this Stipulated Protective Order.

25          3.      for information produced in some form other than documentary, and for

26  any  other tangible items, that the Producing Party affix in a prominent place on the exterior of

27  the container or containers in which the information or item is stored or in some other reasonable

28  fashion depending on the form of the material the appropriate legend.  If that matter is stored or

1    recorded electronically (including information databases, images, or programs stored on

2    computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the

3    Designating Party may designate such material as "CONFIDENTIAL" or "HIGHLY

4    CONFIDENTIAL—ATTORNEYS' EYES ONLY" by cover letter identifying the Protected

5    Material.  Parties other than the Producing Party shall also have the right to designate such

6    materials for confidential treatment in accordance with this Stipulated Protective Order by

7    written notice.  If only portions of the information or item warrant protection, the Designating

8    Party, to the extent practicable, shall designate the protected portions only.

9            4.      for information revealed in the course of a hearing, that the Designating

10   Party identify all protected information on the record, before the conclusion of the hearing, or

11   other proceeding, or identify all protected testimony within seven (7) calendar days after receipt

12   of the transcript.  Until expiration of this seven day period, all such testimony shall be considered

13   and treated by the Parties as though it is designated "HIGHLY CONFIDENTIAL—

14   ATTORNEYS' EYES ONLY" except that Parties may draft orders on the hearings as necessary

15   to effect the Court's decisions.  Only those portions of the testimony that are designated for

16   protection within the seven (7) days shall be covered by the provisions of this Stipulated

17   Protective Order.

18       B.      Inadvertent Failures to Designate.  If corrected, an inadvertent failure to designate

19   qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

20   ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to

21   secure protection under this Stipulated Protective Order for such material.  If material is

22   appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

23   ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

24   timely notification of the designation, must make reasonable efforts to assure that the material is

25   treated in accordance with the provisions of this Stipulated Protective Order.  As used in this

26   Stipulated Protective Order, an act is "timely" if it does not unduly prejudice another party.

27       C.      Inadvertent Production.  If the Producing Party contends that it has inadvertently

28   produced material that it alleges is protected by the attorney client privilege, the work product

1   doctrine, and/or any other privilege ("the Subject Material"), that party shall notify the Receiving

2   Party of the inadvertent production immediately upon its discovery of the inadvertent production.

3   Immediately upon notification, and in no event, no later than three business days after receiving

4   notice, the Receiving Party shall return and/or destroy all copies of the Subject Material

5   identified in the notice, and shall certify in writing that it has done so.  In so doing, the Receiving

6   Party shall not waive or prejudice any challenge it may have to the alleged privileged status of

7   the Subject Material, nor shall it waive or prejudice any challenge it may have to the Producing

8   Party's claim of inadvertent production.  If, after undertaking an appropriate meet-and-confer

9   process, the parties are unable to resolve any dispute they have concerning the Subject Material,

10  the Receiving Party may file a motion to compel production of such material.

11  **V.       CHALLENGING CONFIDENTIALITY DESIGNATIONS**

12          A.      Meet and Confer.  A Party that elects to initiate a challenge to a Designating

13  Party's confidentiality designation must do so in good faith and must begin the process by

14  requesting in writing a conference directly (in voice to voice dialogue; other forms of

15  communication are not sufficient) with counsel for the Designating Party.  Counsel for

16  Designating Party shall be available to participate in the requested conference within 5 business

17  days (excluding legal holidays) of receipt of the written request, subject to an additional 5

18  business day extension to meet and confer under exigent circumstances, provided that the party

19  requesting the extension explains with specificity the nature of the exigent circumstances.  In

20  conferring, the challenging Party must explain the basis for its belief that the confidentiality

21  designation was not proper and must give the Designating Party an opportunity to review the

22  designated material, to reconsider the circumstances, and, if no change in designation is offered,

23  to explain the basis for the chosen designation.  A challenging Party may proceed to the next

24  stage of the challenge process only if it has engaged in this meet and confer process first.

25          B.      Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

26  designation after considering the justification offered by the Designating Party may file and

27  serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

28  applicable) that identifies the challenged material and sets forth in detail the basis for the

1    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

2    the movant has complied with the meet and confer requirements imposed in the preceding

3    paragraph and that sets forth with specificity the Designating Party's justification for the

4    confidentiality designation that was stated in the meet and confer dialogue.

5          The burden of persuasion in any such challenge proceeding shall be on the

6    Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the

7    material in question the protection to which it is entitled under the Producing Party's designation.

8    **VI.      ACCESS TO AND USE OF PROTECTED MATERIAL**

9          A.      Basic Principles.  A Receiving Party may use Protected Material that is disclosed

10   or produced by another Party or by a non-party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

12   to the categories of persons and under the conditions described in this Stipulated Protective

13   Order.  When the litigation has been terminated, a Receiving Party must comply with the

14   provisions of Section X., below (FINAL DISPOSITION).

15         Protected Material must be stored and maintained by a Receiving Party at a

16   location and in a secure manner that ensures that access is limited to the persons authorized

17   under this Stipulated Protective Order.

18         B.      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

19   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

20   disclose any information or item designated CONFIDENTIAL only to:

21                 1.      The Receiving Party's Counsel in this action, as well as employees of said

22   Counsel to whom it is reasonably necessary to disclose the information for this litigation;

23                 2.      The officers, directors and employees of the Receiving Party to whom

24   disclosure is reasonably necessary for this litigation;

25                 3.      Experts (as defined in this Stipulated Protective Order) of the Receiving

26   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

27   "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

28                 4.      The Court and its personnel;

1             5.         Neutral evaluators, mediators or arbitrators assigned to the case by the

2  Court or retained for the case by the mutual agreement of the Parties;

3             6.         Professional Vendors for services such as copying, scanning, or electronic

4  document processing to whom disclosure is reasonably necessary for this litigation;

5             7.         Former employees, officers, or directors of the Parties, provided that such

6  former employees, officers, partners, or directors saw the said material when they held said

7  positions and have signed the "Acknowledgement and Agreement to Be Bound by Protective

8  Order" (Exhibit A);

9             8.         During their depositions, witnesses in the action to whom disclosure is

10  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

11  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court; and

12             9.         Any author or recipient of the document or the original source of the

13  information disclosed in the document.

14      C.      Disclosures of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

15  Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

16  Designating Party, a Receiving Party may disclose any information or item designated

17  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

18             1.         the Receiving Party's Counsel in this action, as well as employees of said

19  Counsel to whom it is reasonably necessary to disclose the information for this litigation;

20             2.         Experts (as defined in this Order) (1) to whom disclosure is reasonably

21  necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective

22  Order" (Exhibit A);

23             3.         the Court and its personnel;

24             4.         Neutral evaluators, mediators or arbitrators assigned to the case by the

25  Court or retained for the case by the mutual agreement of the Parties;

26             5.         Professional Vendors such as copying, scanning, or electronic-document

27  processing to whom disclosure is reasonably necessary for this litigation.

28             6.         Any author or recipient of the document or the original source of the

1   information disclosed in the document.

2       D.      Maintenance of Signed Agreements.  The Counsel for the Receiving Party

3   wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement

4   and Agreement(s) to Be Bound by Protective Order."

5       E.      Disclosure Not Otherwise Authorized.  In the event that Counsel representing any

6   Party in this action believes that it is necessary to disclose Protected Materials to an individual or

7   entity to whom disclosure is not permitted by this Stipulated Protective Order, such Counsel

8   shall make a written request (delivered by hand, electronic mail or facsimile) to Counsel for the

9   Designating Party identifying the individual to whom it is desired to make such disclosure and

10  the specific Protected Materials involved.  Within five business days of the request, Counsel for

11  the Designating Party may object to such disclosure by delivering by hand, electronic mail, or

12  fax a written objection to Counsel serving the disclosure letter.  Failure to so object constitutes

13  consent to such disclosure.  In the event that a Designating Party objects to such disclosure, such

14  Protected Materials shall not be disclosed to any individual other than those to whom disclosure

15  is permitted by the provisions of this Stipulated Protective Order until such dispute has been

16  resolved by agreement of the parties or, after the Parties engage in a good faith meet and confer

17  about this issue, by order of the Court.  However, both parties agree to act in good faith to

18  approve reasonable requests, if feasible, to use HIGHLY CONFIDENTIAL—ATTORNEYS'

19  EYES ONLY information at depositions taken in this action, but acknowledge that requests of

20  this nature should generally be made using the procedure in this section prior to the deposition.

21  **VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

22         **OTHER  LITIGATION**

23         If a Receiving Party is served with a subpoena or an order issued in other

24  litigation that would compel disclosure of any information or items designated in this action as

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

26  Receiving Party must so notify the Designating Party, in writing (by hand delivery, electronic

27  mail or facsimile), immediately and in no event more than three court days after receiving the

28  subpoena or order.  Such notification must include a copy of the subpoena or court order.

1    Provided that the Producing Party has taken the necessary steps to prevent, through judicial

2    process, production of the documents sought to be produced, the Receiving Party shall not

3    produce to the Party in the other action any documents designated as "CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," and will maintain the status quo

5    pending resolution of the Producing Party's motion to quash or analogous proceeding.

6       The Receiving Party also must immediately inform in writing the Party who

7    caused the subpoena or order to issue in the other litigation that some or all the material covered

8    by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

9    must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

10   that caused the subpoena or order to issue.

11      The purpose of imposing these duties is to alert the interested parties to the

12   existence of this Protective Order and to afford the Designating Party in this case an opportunity

13   to try to protect its confidentiality interests in the court from which the subpoena or order issued.

14   The Designating Party shall bear the burdens and the expenses of seeking protection in that court

15   of its confidential material—and nothing in these provisions should be construed as authorizing

16   or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

17   **VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

18      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19   Protected Material to any person or in any circumstance not authorized under this Stipulated

20   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

21   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

22   Material, (c) inform the person or persons to whom unauthorized disclosures were made of all

23   the terms of this Stipulated Protective Order, and (d) request such person or persons to execute

24   the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

25   **IX.   FILING PROTECTED MATERIAL**

26      Without written permission from the Designating Party or a Court order secured

27   after appropriate notice to all interested persons, a Party may not file in the public record in this

28   action any Protected Material.  A Party that seeks to file under seal any Protected Material must

1 || comply with Civil Local Rule 79-5.

2 ||              Any Court hearing that refers to or describes information designated HIGHLY

3 || CONFIDENTIAL – ATTORNEYS' EYES ONLY shall in the Court's discretion be conducted

4 || *in camera*.

5 || **X.      FINAL DISPOSITION**

6 ||              Unless otherwise ordered or agreed in writing by the Producing Party, within

7 || sixty days after the final termination of this action (*e.g.*, a Court order terminating this action and

8 || from which no appeal is taken), each Receiving Party must return all Protected Material to the

9 || Producing Party.  As used in this paragraph, "all Protected Material" includes all copies,

10 || abstracts, compilations, summaries or any other form of reproducing or capturing any of the

11 || Protected Material.  With permission in writing from the Designating Party, the Receiving Party

12 || may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

13 || Material is returned or destroyed, the Receiving Party must submit a written certification to the

14 || Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

15 || deadline that affirms that the Receiving Party has complied with the foregoing provisions, and

16 || has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

17 || capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

18 || retain archival copies and not required to return copies of all pleadings, motion papers,

19 || transcripts, legal memoranda, correspondence, attorney-client communications or attorney work

20 || product, even if such materials contain Protected Material, provided that such Counsel take

21 || appropriate steps to prevent the disclosure in a manner contrary to this Stipulated Protective

22 || Order of such Protected Material.  Any such archival copies that contain or constitute Protected

23 || Material remain subject to this Stipulated Protective Order as set forth in Section III

24 || (DURATION), above.

25 || **XI.      MISCELLANEOUS**

26 ||      A.      Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the

27 || right of any person to seek its modification by the Court in the future.

28 ||      B.      Admissions and Waivers.  Neither the entry of this Order, nor the designation of

1   any information or documents as Confidential or Highly Confidential or failure to make such a

2   designation, shall constitute evidence or any admission with respect to any issue in the case, and

3   shall not constitute a waiver of any objections to the disclosure of such information.  Nothing in

4   this Stipulated Protective Order shall be construed as waiving any objections of either Party as to

5   the admissibility of a particular document into evidence.  Moreover, nothing in this Stipulated

6   Protective Order shall be construed to require any party to disclose to any other party any

7   Confidential of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, or to

8   prohibit any party from refusing to disclose Confidential or HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY Information to any other party.

10          C.      Right to Assert Other Objections.  By stipulating to the entry of this Protective

11   Order no Party waives any right it otherwise would have to object to disclosing or producing any

12   information or item on any ground not addressed in this Stipulated Protective Order.

13   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14   DATED:  September 15, 2010              LATHAM & WATKINS LLP

15                                          By:   /s/ Jennifer L. Barry
                                                 Jennifer L. Barry
16
                                            Attorneys for Plaintiff Trion Worlds, Inc.
17

18   DATED:  September 15, 2010              GIRARDI KEESE

19                                          By:   /s/ Stephen G. Larson
                                                 Stephen G. Larson
20
                                            Attorneys for Defendant Palladium Books, Inc.
21

22   PURSUANT TO STIPULATION, IT IS SO ORDERED.

23
     DATED:  _____           _____
24                                         HON. CHARLES R. BREYER
                                           United States District Judge
25

26

27   ATTESTATION: I hereby attest that I have on file all holograph signatures for any signatures indicated
     by a "conformed" signature (/s/) within this e-filed document.
28   Dated: September 15, 2010         _____/s/ Jennifer L. Barry_____

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Trion Worlds, Inc. v. Palladium Books, Inc.*, CASE NO. 3:10-CV-02466 (CRB). My address is

_____

_____.

My present occupation is  _____.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____

_____

*[full address and telephone number]* as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed this \_\_\_ day of _____, 201\_, at _____ *[city, and state]*.

Signature _____